IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ATUL THATTE and SUPARNA THATTE, § <br> INDIVIDUALLY and As Representative of § <br> The Estate of PARIDHI THATTE, a § <br> Deceased Minor, § <br>   § <br>   Plaintiffs, § <br>   § <br> VS. § <br>   § <br> TOYOTA MOTOR CORPORATION, § <br>   § <br>   Defendant. § | CIVIL ACTION NO. 2-04 CV - 30 TJW |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1. Plaintiffs Atul Thatte and Suparna Thatte are the biological parents of Paridhi Thatte, deceased. They reside in and are citizens of Flower Mound, Texas.

2. Toyota Motor Corporation is a foreign Corporation doing business in Texas and service of process upon this Defendant may be had by serving its president, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3. This court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### C. Facts

4. On August 19, 2003, Suparna Thatte was driving her 1998 Toyota Corolla (VIN # 2T1BR18E4WC075545) on 1000 S. I35 E-SB, 22 feet north of Mile Marker 451 in Denton County, Lewisville, Texas when she was struck from behind by another vehicle driven by

PLAINTIFFS' ORIGINAL COMPLAINT - PAGE 1

Tammy Bernard. The impact caused Mrs. Thatte to veere to the left and collide with another vehicle.

5. At the time of the rear impact, Suparna Thatte was properly wearing her 3-point seatbelt. Atul Thatte was the front seated passenger and was properly wearing his 3-point belt. Their daughter, Paridhi Thatte was the rear seated occupant and was properly wearing her 3-point seat belt.

6. Despite wearing her seat belt, Paridhi Thatte received fatal injuries when the rear occupant compartment was compromised.

### D. Cause of Action
### As To Defendant Toyota Motor Corporation

7. It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8. The injury occurred because the vehicle in question was not reasonably crashworthy and was not reasonably fit for unintended, but clearly foreseeable accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident because Defendant's vehicle's rear structure was weak, inferior and inadequate and the vehicle's restraint failed to restrain.

9. Defendant designed, manufactured, marketed, assembled and tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed and tested because Defendant knew the following:

    a.    the vehicle contained no rear structural integrity;
    b.    the vehicle had no override structure protection;
    c.    the vehicle had no rear occupant protection in the event of override;
    d.    the vehicle was not designed to protect against rear impact incompatibility;

  e. the vehicle had no rear structure design to tie the structure above the bumper to the rear bumper;
  f. the vehicle failed to maintain rear impact survival space;
  g. there is no FMVSS provision that is applicable;
  h. the vehicle was protected against fire at the expense of survival space.

10. Defendant was negligent in the design, manufacture, assembly, marketing and testing of the vehicle in question.

11. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiffs' damages.

12. The foregoing acts and omissions of Defendant were a producing and/or proximate cause of Paridhi Thatte's fatal injuries.

### E. Damages to Plaintiffs

13. As a result of the acts and/or omissions of Defendant, Paridhi Thatte, deceased, suffered physical pain and suffering, anguish and emotional distress prior to her death and these damages survive her death.

14. As a result of the acts and/or omissions of Defendant, Plaintiffs have suffered mental anguish and emotional distress in the past, and in all likelihood, will into the future, over the death of their daughter, Paridhi Thatte.

15. As a result of the acts/or omissions of Defendant, Plaintiffs have become obligated to pay funeral and burial expenses associated with the death of their daughter, Paridhi Thatte.

16. As a result of the acts and/or omissions of Defendant, Plaintiffs have suffered a loss of consortium in the past, and in all likelihood, will into the future over the death of their daughter, Paridhi Thatte.

17. The above and foregoing acts and/or omissions of Defendant, resulting in the injuries to Plaintiffs have caused actual damages to Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

## F. Prayer

18. For these reasons, Plaintiffs ask for judgment against Defendant for

   a. actual damages;
   b. prejudgment and post-judgment interest beginning August 19, 2003;
   c. costs of suit; and
   d. all other relief the court deems proper.

Respectfully submitted,

**TRACY & CARBOY**

_____
E. Todd Tracy
State Bar No. 20178650
5473 Blair Road, Suite 200
Dallas, Texas 75231
214/324-9000 Phone
972/387-2205 Fax

**ATTORNEY FOR PLAINTIFFS**